# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Roy D. Newport, et al. | No. CV 10-04511 WHA |
| Plaintiffs, | **ORDER ON PLAINTIFFS' REQUEST FOR DISCOVERY RELIEF (AS TO RFPs 11, 13, 14, 15, and 17)** |
| v. | |
| Burger King Corporation, | **ORDER REFERRING ALL FURTHER DISCOVERY DISPUTES FOR MAGISTRATE JUDGE ASSIGNMENT** |
| Defendant. | |
| Burger King Corporation, | |
| Defendant/Counter-Claimant, | |
| v. | |
| Antelope Valley Restaurants, Inc., et al. | |
| Counter-Defendants. | |

This matter having come before the Court on Plaintiffs' Request for Discovery Relief; Defendant Burger King Corporation ("BKC") having filed a Response to Plaintiffs' Request for Discovery Relief on May 25, 2011; the Court having heard argument by counsel for Plaintiffs and BKC on May 27, 2011 with respect to Requests for Production of Documents Nos. 11, 13, 14, 15, and 17 issued by Plaintiffs; and the Court having

ORDER ON PLAINTIFFS' REQUEST FOR DISCOVERY RELIEF (CV 10-04511 WHA)

reviewed the relevant papers, pleadings, and arguments on file:

**IT IS HEREBY ORDERED THAT:**

Defendant Burger King Corporation is ordered to produce documents in response to Requests for Production ("RFPD") Nos. 11, 13, 14, 15, and 17 issued by Plaintiffs, modified as follows by the Court:

1. With respect to RFPD Nos. 11, 13, 14, 15, and 17, BKC is ordered to produce responsive documents dating from May 1997 to the present.

2. With respect to RFPD Nos. 11, 13, 14, and 17, BKC is ordered to produce responsive documents that relate to all of its franchises in the United States.

3. RFPD No. 13 is modified as follows: "All documents that provide or refer to BKC's providing in-house technical assistance without charge to help franchisees attain ADA compliance, including but not limited to any communications from BKC advising the franchisees that it is willing to provide such assistance."

4. RFPD No. 14 is modified as follows: "All documents that provide or refer to any training regarding disability access law compliance provided by BKC to the Franchisees or to BKC's employees, including but not limited to construction managers, design managers, franchise business leaders, and vice presidents."

5. RFPD No. 15 is modified as follows: "All survey instruments, scopes of work, facility inspection reports, and like documents that specifically refer to or identify ADA or disability access law compliance issues pursuant to inspections conducted by BKC at the California BKL restaurants, including but not limited to documents prepared by Kim Blackseth, Jones Lang LaSalle, Universal Designers & Consultants, Inc., John P.S. Salmen, and Rothenberg Sawasy Architects, Inc. from May 1997 to the present." Documents produced in response to RFPD No. 15 will be produced subject to a protective order agreed to by the parties and entered by the Court.[1]

6. RFPD No. 17 is modified as follows: "All communications between BKC

---

[1] No protective order applies, however, until one is submitted to and approved by the Court, which has not yet been done.

- 1 -

and the franchisees at issue in this action that relate to disability access law compliance from May 1997 to the present." Further, BKC is hereby barred from referring to any such communications with franchisees other than the franchisees at issue in this action by reason of BKC's refusal to produce all such communications with all of its franchisees in the United States.

Defendant Burger King Corporation must produce all documents set forth herein no later than 21 days following May 27, 2011, which is June 17, 2011. However, if the scope of document search and production is significantly broad or burdensome to warrant additional time, BKC may apply to this Court for an extension of the compliance deadline. Such application must be supported by declarations showing good cause for additional time.

Further discovery disputes, including those identified in Plaintiffs' Request for Discovery Relief and not addressed by the Court on May 27, 2011, are hereby referred to the Clerk for random assignment of a Magistrate Judge to be assigned to resolve discovery disputes in this action.

The parties must be mindful of the discovery cut-off and trial dates. The parties bear the burden of bringing all discovery disputes to the magistrate judge's attention in a timely manner, such that the disputes can be settled and discovery can be completed before the discovery cut-off. The magistrate judge is requested to assist the Court in adhering to the case management schedule by issuing timely rulings on the parties' discovery disputes.

**IT IS SO ORDERED.**

DATED:  June 6, 2011.

_____
WILLIAM ALSUP
U.S. DISTRICT COURT JUDGE

- 3 -

1  APPROVED AS TO FORM:

3  DATED:  June 3, 2011                                HANSON BRIDGETT LLP

By: /s/ Megan Oliver Thompson
    MEGAN OLIVER THOMPSON
    Attorneys for Plaintiffs
    Roy D. Newport, et al.

DATED:  June 3, 2011                                GLYNN & FINLEY LLP

By: /s/ Adam Friedenberg
    ADAM FRIEDENBERG
    Attorneys for Defendant
    Burger King Corporation

- 3 -

ORDER ON PLAINTIFFS' REQUEST FOR DISCOVERY RELIEF (CV 10-04511 WHA)