**United States District Court**
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ROY D. NEWPORT, *et al.*,
                                                    No. C 10-04511 WHA
11              Plaintiffs,

12      v.

13   BURGER KING CORPORATION,              **ORDER GRANTING BURGER KING
                                            LEAVE TO FILE MOTION TO DISMISS**
14              Defendant.                  **WILLIE C. COOK'S COUNTERCLAIM**

15                                    /

16   AND RELATED COUNTERCLAIMS.
                                    /
17

18        Pursuant to a prior stipulation by the parties and approved by the Court, Burger King's

19   response to the counterclaim of Willie C. Cook was due on July 6 (Dkt. No. 131).  At 4:24 p.m.

20   on July 6, Burger King moved to enlarge time to file its response.  Given that opposing counsel

21   is given time by the local rules to oppose such an administrative motion, there was no way that

22   Burger King's motion could have been granted before the deadline passed.  Burger King did not

23   respond to the counterclaim.  On July 8, Burger King filed a précis to request leave to file a

24   motion to dismiss Cook's counterclaim.  Burger King plans to argue that Cook lacks standing to

25   assert his counterclaim, that his tort claims are barred by the "independent tort doctrine and/or

26   economic loss rule," and that Cook's counterclaim should fail as a shotgun pleading.

27        Counsel for Willie C. Cook timely opposed Burger King's précis for leave to file a

28   motion, but did not separately timely oppose Burger King's administrative motion to enlarge

     time to file its response.  Nevertheless, the précis opposition in part argues that leave to file

1   should be denied as untimely.  Therefore, as an initial matter, this order will address the

2   timeliness issue.  True, Burger King missed its deadline for responding to the Cook counterclaim

3   on July 6.  Counsel waited until the last minute to move to enlarge time to respond, and their

4   motion had not been granted by the time the deadline passed (which it necessarily could not have

5   been without giving the other side an opportunity to respond).  On the other hand, Burger King

6   did file its motion to enlarge time by the deadline, and counsel only sought a two-day extension.

7   This order accordingly finds it appropriate to allow the short extension, and Burger King's

8   motion to enlarge time (Dkt. No. 139) is therefore **GRANTED**.  The parties shall take caution,

9   however, and not wait until the last minute on the deadline to file a motion to enlarge time in the

10  future.

11          Burger King's request for leave to file a motion to dismiss Cook's counterclaim (Dkt.

12  No. 140) is also **GRANTED**, with the following conditions: the motion shall be no more than 15

13  pages, the opposition shall be no more than 15 pages, and the reply shall be no more than 10

14  pages (all such limits excluding exhibits).  Burger King shall file its motion (or respond by

15  answer) by **NOON ON JULY 15, 2011**.

16          **IT IS SO ORDERED.**

17

18  Dated:  July 12, 2011.

19                                                        WILLIAM ALSUP
                                                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

*United States District Court*
For the Northern District of California