1

2

3

4

5

6

7

8

9

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   ROY D. NEWPORT, *et al.*,

                                                        No. C 10-04511 WHA
11              Plaintiffs,

12      v.

13   BURGER KING CORPORATION,                           **ORDER APPROVING STIPULATED**
                                                        **PROTECTIVE ORDER SUBJECT TO**
14              Defendant.                              **STATED CONDITIONS**

15   _____/

16   AND RELATED COUNTERCLAIMS.
     _____/

17

18          The stipulated protective order submitted by the parties is **APPROVED**, subject to the

19   following conditions, including adherence to the Ninth Circuit's strict caution against sealing

20   orders (as set out below):

21          1.      The parties must make a good-faith determination that any

22   information designated "confidential" truly warrants protection under Rule 26(c)

23   of the Federal Rules of Civil Procedure.  Designations of material as

24   "confidential" must be narrowly tailored to include only material for which there

25   is good cause.  A pattern of over-designation may lead to an order

26   un-designating all or most materials on a wholesale basis.

27          2.      In order to be treated as confidential, any materials filed with the

28   Court must be lodged with a request for filing under seal in compliance with

     Civil Local Rule 79-5.  Please limit your requests for sealing to only those

1    narrowly tailored portions of materials for which good cause to seal exists.

2    Please include all other portions of your materials in the public file and clearly

3    indicate therein where material has been redacted and sealed.  Each filing

4    requires an individualized sealing order; blanket prospective authorizations are

5    not allowed by Civil Local Rule 79-5.

6         3.      Chambers copies should include all material — both redacted and

7    unredacted — so that chambers staff does not have to reassemble the whole brief

8    or declaration.  Although chambers copies should clearly designate which

9    portions are confidential, chambers copies with confidential materials will be

10   handled like all other chambers copies of materials without special restriction,

11   and will typically be recycled, not shredded.

12        4.      In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006),

13   the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons"

14   are required to seal documents used in dispositive motions, just as compelling

15   reasons would be needed to justify a closure of a courtroom during trial.

16   Otherwise, the Ninth Circuit held, public access to the work of the courts will be

17   unduly compromised.  Therefore, no request for a sealing order will be allowed

18   on summary judgment motions (or other dispositive motions) unless the movant

19   first shows a "compelling reason," a substantially higher standard than "good

20   cause."  This will be true regardless of any stipulation by the parties.  *Counsel*

21   *are warned that most summary judgment motions and supporting material*

22   *should be completely open to public view.*  Only social security numbers, names

23   of juveniles, home addresses and phone numbers, and trade secrets of a

24   compelling nature (like the recipe for Coca Cola, for example) will qualify.  If

25   the courtroom would not be closed for the information, nor should any summary

26   judgment proceedings, which are, in effect, a substitute for trial.  Motions

27   *in limine* are also part of the trial and must likewise be laid bare absent

28

1    compelling reasons.  Please comply fully.  Noncompliant submissions are liable

2    to be stricken in their entirety.

3         5.    Any confidential materials used openly in court hearings or trial

4    will not be treated in any special manner absent a further order.

5         6.    This order does not preclude any party from moving to

6    undesignate information or documents that have been designated as confidential.

7    The party seeking to designate material as confidential has the burden of

8    establishing that the material is entitled to protection.

9         7.    The Court will retain jurisdiction over disputes arising from the

10   proposed and stipulated protective order for only **NINETY DAYS** after final

11   termination of the action.

12

13   **IT IS SO ORDERED.**

14

15   Dated:  August 12, 2011.

16                                WILLIAM ALSUP
                                 UNITED STATES DISTRICT JUDGE

3