**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROY D NEWPORT, *et al.*,

        Plaintiffs,

    v.

BURGER KING CORP.,

        Defendant.

_____/

No. C-10-04511-WHA  (DMR)

**ORDER RE JOINT DISCOVERY LETTER OF JULY 13, 2011**

    Before the court is the parties' July 13, 2011 joint letter [Docket No. 143] in which Defendant Burger King Corporation ("Defendant") requests leave to conduct depositions in excess of the ten deposition limit established by Rule 30 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i).  The court heard the matter on August 11, 2011.  This order summarizes the rulings made during the hearing.

**Background**

    The approximately seventy-two Plaintiffs in this action are franchisees of ninety-six Burger King restaurants located in California.  Plaintiffs seek declaratory relief establishing that they do not have a duty to indemnify Defendant for any part of the multi-million dollar settlement paid to ten subclasses of disabled restaurant patrons for Defendant's violations of the Americans with

**United States District Court**
For the Northern District of California

Disabilities Act ("ADA") in *Castaneda v. Burger King Corp.*, 08-4262 WHA.[1]  All Plaintiffs make the same global claim: that Defendant's negligence and/or fraud triggered an express exception to the contractual indemnity obligation between Defendant and its franchisees.  Plaintiffs allege that Defendant was negligent in its inspections, training, monitoring, and support of its franchise restaurants.  Plaintiffs further allege that Defendant acted fraudulently by failing to disclose the information that it learned through other litigation about ADA deficiencies in its stores and by failing to provide ADA assistance to franchisees that it had agreed to provide pursuant to the settlement of an earlier lawsuit entitled *Day v. Republic Foods*.

Defendant counterclaims for indemnification by Plaintiffs and brings third- party claims against additional franchisees and franchisee guarantors.  All in all, the case involves about fifty franchisee groups of varying composition.  Each group is made up of one or more individuals, entities, or a mix of both.  Some franchisee groups have an interest in one Burger King store; others have multiple stores.  Defendant seeks varying amounts of indemnification from the stores.  It made a demand of approximately $900,000 from each of the Focus 10 stores; its average demand on each of the remaining 86 stores is $35,000.

In this discovery motion, Defendant requests leave to take seventy-two depositions, one for each of the seventy-two plaintiffs.  Defendant argues that it has the right to depose each plaintiff to obtain the individual factual basis for each plaintiff's claims and defenses.  Plaintiffs argue that their claims are global in nature, that the factual basis for these global claims are set forth in their responses to written discovery, and that good cause therefore does not exist for leave to exceed the ten deposition limit.

**Legal Analysis**

Rule 30 of the Federal Rules of Civil Procedure requires a party wishing to take over ten depositions without consent of other parties to obtain leave from the Court to proceed.  Fed. R. Civ. P. 30(a)(2).  When evaluating a party's request to expand discovery limitations, the court must

---

[1] The ten Castaneda subclasses were organized around ten particular Burger King stores now referred to as the "Focus 10."

**United States District Court**
For the Northern District of California

1   ensure that the discovery sought is "relevant to [the] party's claim[s] or defense[s]" and not

2   unreasonably cumulative, duplicative, or burdensome.  Fed. R. Civ. P. 26(b).

3         Defendant has established good cause to exceed the ten deposition limit, but not to the extent

4   it seeks.  Although there are many plaintiffs in this case, their claims are fairly generic and

5   straightforward.  They involve the same standard franchise and lease agreements with modest

6   variations over time and the same global actions that allegedly amount to negligence and fraud on

7   Defendant's part.  At oral argument, Plaintiffs' counsel represented that to the extent Defendant

8   propounded discovery which called for individualized facts, counsel sought such information from

9   each plaintiff and provided it in their responses.  Plaintiffs' counsel also averred that the existence of

10  individualized facts was rare.  Defendant can draw upon these written discovery responses, as well

11  as Defendant's internal knowledge about its own franchisees, to make reasoned decisions about how

12  best to deploy its deposition resources.

13        Defendant generically argues that Plaintiffs asserted affirmative defenses to the

14  counterclaims, including fraud and misrepresentation, and that as a result, each Plaintiff must submit

15  to a deposition.  Plaintiffs counter that, as with their affirmative claims, these defenses are largely

16  global in nature.  When asked during oral argument, defense counsel could not recall whether

17  Defendant had propounded written discovery aimed at determining which, if any, plaintiffs were

18  asserting truly individualized affirmative defenses.  If Defendant has propounded such discovery,

19  the responses will no doubt be useful in determining which plaintiffs to depose.  Such information

20  certainly would have been useful to establish the need for further depositions in this case.

21        As it stands, the close of the discovery period draws near, and Defendant has not developed a

22  significant record to support its request for additional depositions.  Nevertheless, in light of the large

23  numbers of plaintiffs in this case, good cause exists to grant leave for an additional ten half-day

24  depositions.

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Conclusion

Defendant's request for leave to take additional depositions is GRANTED IN PART.  In addition to the ten seven-hour depositions permitted by Rule 30, Defendant may take an additional ten depositions, none of which shall exceed four hours in length, exclusive of breaks.

IT IS SO ORDERED.

Dated:  August 16, 2011



_____
DONNA M. RYU
United States Magistrate Judge