UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D NEWPORT, *et al.*, | No. C-10-04511-WHA (DMR) |
| Plaintiffs, | **ORDER RE JOINT DISCOVERY LETTER OF SEPTEMBER 7, 2011 [DOC. NO. 171]** |
| v. | |
| BURGER KING CORP., | |
| Defendant. | |

Before the court is the parties' September 7, 2011 joint letter [Docket No. 171] in which Plaintiffs move to compel Defendant Burger King Corporation ("BKC") to produce documents and information regarding BKC's demands for indemnification in a related case entitled *Vallabhapurapu v. Burger King Corp*, No. 11-00667 WHA (N.D. Cal. filed Oct. 5, 2010). This matter is suitable for determination without oral argument. N.D. Cal. Civ. R. 7-1(b).

**Background**

Plaintiffs in this action ("*Newport* Plaintiffs") are franchisees of ninety-six Burger King restaurants located in California. The *Newport* Plaintiffs seek declaratory relief establishing that they do not have a duty to indemnify BKC for any part of the multi-million dollar settlement of ten subclasses of disabled restaurant patrons for BKC's violations of the Americans with Disabilities Act ("ADA") in *Castaneda v. Burger King Corp.*, No. 08-4262 WHA, 2010 WL 2735091 (N.D. Cal.

United States District Court
For the Northern District of California

July 12, 2010). BKC has counterclaimed for indemnification by the *Newport* Plaintiffs as well as additional franchisees and franchisee guarantors.

The ten *Castaneda* subclasses are organized around ten particular Burger King restaurants now referred to as the "Focus 10." Although the July 2010 class settlements in *Castaneda* cover only the Focus 10 stores, BKC seeks indemnification from all ninety-six franchises originally named by the *Castaneda* Plaintiffs, including the eighty-six stores that ultimately were not certified as subclasses in *Castaneda*.

In February 2011, the *Vallabhapurapu* Plaintiffs filed a lawsuit seeking relief under the ADA regarding the remaining eighty-six franchises for which class certification was sought but not granted in *Castaneda*. BKC has filed third-party claims for indemnification in *Vallabhapurapu*. The affected franchisees have filed a motion to sever the third party indemnification claims in *Vallabhapurapu* and to consolidate them with the counterclaims pending in *Newport*; the motion is scheduled for hearing on October 27, 2011.

The *Newport* Plaintiffs seek an order to compel responses to Requests for Production ("RFP") Nos. 1, 2, 3, 20, and 21, and Interrogatory No. 1.[1] These discovery requests call for documents and information related to BKC's indemnity demands in *Vallabhapurapu*. BKC objects on the basis that the *Vallabhapurapu* lawsuit is not mentioned anywhere in the *Newport* Plaintiffs' complaint or in BKC's counter-claims, and the information sought is therefore irrelevant.

**Analysis**

Rule 26(b)(1) of the Federal Rules of Civil Procedure define the normal scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense."

BKC argues that information regarding demands for indemnification made in the *Vallabhapurapu* case is irrelevant to the indemnification questions raised in *Newport*. BKC points

---

[1] The *Newport* Plaintiffs specifically note that they are not asking the court to rule on whether BKC must respond to RFP No. 5, which calls for "invoices and billing entries for attorneys fees and costs incurred by BKC in connection with the Castaneda Suit and the Vallabhapurapu Suit for which BKC asserts it is entitled to indemnification from the Franchisees..." [Joint Letter, Docket No. 171 at 3; Exhibit A, Docket No. 171-1 at 4]. In the Joint Letter, BKC asserts that such documents are protected from discovery by the attorney-client privilege. Plaintiffs note that the parties have not yet met and conferred on this issue. The matter is therefore not ripe for adjudication.

2

out that the *Newport* pleadings do not reference the *Vallabhapurapu* lawsuit, and the court has not yet ruled on the motion to sever the indemnification claims in *Vallabhapurapu* and consolidate them with the *Newport* counter-claims. These statements, while technically true, do not lead to the conclusion that the discovery sought is irrelevant. It is clear that the indemnification issues in *Newport* and *Vallabhapurapu* are intertwined. BKC seeks indemnification in *Newport* from all ninety-six franchisees for the *Castaneda* settlement proceeds and attorneys fees, including the eighty-six franchises which were not certified in *Castaneda* but are now subject to possible class certification (as well as additional indemnification claims) in *Vallabhapurapu*. This renders the *Vallabhapurapu* indemnification information relevant to the *Newport* lawsuit for purposes of discovery.

Therefore, BKC is ordered to respond to the discovery requests at issue relating to indemnification claims made by BKC in *Vallabhapurapu*.

### Conclusion

Plaintiffs' motion to compel responses to Requests for Production Nos. 1, 2, 3, 20, and 21 and Interrogatory No. 1 is GRANTED.

Plaintiffs' motion to compel a response to RFP No. 5 is denied without prejudice. The parties shall meet and confer regarding RFP No. 5, and shall follow the Court's standing order on discovery matters if any dispute remains.

IT IS SO ORDERED.

Dated: September 12, 2011

_____
DONNA M. RYU
United States Magistrate Judge

3