UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D NEWPORT,<br><br>        Plaintiff(s),<br><br>  v.<br><br>BURGER KING CORP.,<br><br>        Defendant(s).<br>_____/ | No. C-10-04511-WHA (DMR)<br><br>**ORDER RE PARTIES' DISCOVERY LETTERS [DOCKET NOS. 198, 199, 200, 201, 205, 209, 215]** |

On November 14, 2011, the court conducted a hearing regarding the parties' discovery disputes as outlined in their joint letters [*see* Docket Nos. 198-201, 205, 209, 215]. This order memorializes the court's rulings from the bench. The court ordered the parties to complete all further discovery responses and production by November 30, 2011. To the extent that this order may be inconsistent with an order that Judge Alsup has issued, his order stands.

**Letter No. 198:**

1. <u>First Set of Requests for Production</u>: Burger King Corporation ("BKC") shall produce all Facility Inspection Reports ("FIRs") from 1997 onward dealing with franchise and company-owned Burger King restaurants in California. BKC shall also produce the spreadsheet/database entries regarding those reports, but may redact information about reports not ordered produced. BKC need not produce the FIR or FRAN SITE databases.

2. <u>Second Set of Requests for Production</u>: <u>Request 14</u>: BKC shall produce the most recent table of contents, and any materials relating to disability access from the Manuals of Operating Data from 1997 onward. <u>Request 16:</u> BKC shall send Plaintiffs a letter confirming that it searched James Carberry's laptop and has produced all responsive, non-privileged documents therefrom.

3. <u>Second Set of Interrogatories:</u> BKC shall respond with respect to all disability access class actions, individual cases, and indemnification claims from California BKL and non-BKL restaurants since 1997.

4. <u>Second Set of Requests for Admission:</u> BKC must fairly respond to RFAs 2-3 and 17-18. If BKC does not understand a term, the court instructs it to use its own best and common sense definition, set forth the definition, and then go on to answer the requests.

5. <u>Third Set of Requests for Production:</u> <u>Request 2:</u> BKC shall produce the most recent version of its ADA Manual. <u>Request 3:</u> BKC need not produce the Operations Excellence Review Scores for BLK restaurants, as they are irrelevant. <u>Request 4:</u> BKC must produce any disability access law training materials that it provided to its outside accessibility consultant.

6. <u>Fourth Set of Requests for Production:</u> <u>Request 1:</u> BKC need not produce the underlying leases at BKL locations, because their relevance is too attenuated and outweighed by the burden of production. <u>Request 2:</u> BKC shall send Plaintiffs a letter confirming that it searched Ronald Halends' laptop, and has produced all responsive, non-privileged documents therefrom.

7. <u>The Subpoena of John Salmen:</u> BKC has agreed to produce the documents in readable form.

**Letter No. 199:**

1. <u>Requests for Production</u>: Francisco Foods, Inc. ("FFI") shall produce all communications related to insurance coverage connected with the *Castaneda* suit going back to January 1, 2006, except where FFI believes the documents to be privileged. In that case, FFI shall submit a privilege log that explains with specificity which documents it believes to be

privileged and the reason for asserting privileged status. The parties shall meet and confer and submit a joint letter by November 30, 2011 if disagreement remains as to the privileged status of any insurance-related documents.

**Letter Nos. 200 and 205:**

1. <u>Requests for Production:</u> Plaintiffs shall produce all documents concerning prior ADA and disability access lawsuits and claims from 2002 onward for their Burger King restaurants in California. Plaintiffs shall produce all documents relating to ADA and/or accessibility inspections of physical facilities from 2002 onward for their Burger King restaurants in California, except that Plaintiffs shall not produce any CASp report that relates to an open matter or that has been sealed by court order. Plaintiffs shall produce all communications related to insurance coverage connected with the *Castaneda* suit going back to January 1, 2006, except where Plaintiffs believe the documents to be privileged. In that case, Plaintiffs shall submit a privilege log that explains with specificity which documents they believe to be privileged and the reason for asserting privileged status. The parties shall meet and confer and submit a joint letter by November 30, 2011 if disagreement remains as to the privileged status of any insurance-related documents. Plaintiffs shall produce all documents for their Burger King restaurants in California dating back to January 1, 2002 which concern violations of any disability access laws. Similarly, Plaintiffs shall produce all documents, including pleadings, discovery, and non-confidential settlement agreements, regarding any disability access lawsuits against their Burger King restaurants in California dating back to January 1, 2002. Plaintiffs also shall send BKC a letter that confirms that they have produced all responsive, non-privileged documents in BKC's Requests for Production.

2. <u>First and Second Set of Interrogatories:</u> Plaintiffs shall send BKC a letter affirming that they have answered BKC's interrogatories to the best of their ability.

**Letter No. 201:**

1. <u>BKC's Requests for Production 4, 7-8:</u> Cook need not produce insurance policies to which HRI and HRMC, and not Cook, are named insureds or beneficiaries. However, Cook must produce all communications related to insurance coverage relating to restaurants in the

*Castaneda* suit dating from January 1, 2006, except where Cook believes the documents to be privileged. In that case, Cook shall submit a privilege log that explains with specificity which documents he believes to be privileged and the reason for asserting privileged status. The parties shall meet and confer and submit a joint letter by November 30, 2011 if disagreement remains as to the privileged status of any insurance-related documents.

2. <u>Cook's Request to Depose Tom Archer</u>: Denied as untimely.

**Letter No. 215**

1. <u>Strategic's Request for BKC to Produce a Rule 30(b)(6) Deponent</u>: Strategic and its associated parties may serve one 30(b)(6) subpoena on BKC. The deposition may last no more than four hours, exclusive of breaks, and cover only topics specific to Strategic and its associated parties. Strategic may ask some broader questions for foundational or contextual purposes, but such questions shall be limited..

2. <u>Strategic's Request to Quash BKC's Deposition Notices</u>: BKC may depose either David Kanel or Stephanie Medley for no more than four hours, exclusive of breaks. The subpoena served on the person BKC does not depose is hereby quashed. BKC has relinquished the right to depose Plaintiff Newport.

IT IS SO ORDERED.

Dated: November 16, 2011



DONNA M. RYU
United States Magistrate Judge