IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY D. NEWPORT, *et al.,*

Plaintiffs,

v.

BURGER KING CORPORATION,

Defendant.

No. C 10-04511 WHA

**ORDER ON COUNTER-DEFENDANT COOK'S MOTION FOR AN EXTENSION OF TIME FOR DISCOVERY**

Pursuant to Civil Local Rule 6-3, counter-defendant Willie C. Cook moves for an extension of time to designate expert testimony and disclose full expert reports and an extension of time for all expert discovery (Dkt. No. 286). Defendant Burger King Corporation ("BKC") opposes the motion (Dkt. No. 292).

The case management order set September 30, 2011, as the deadline for designation of expert testimony and disclosure of full expert reports and set November 4, as the cutoff for all expert discovery. In support of the motion for an extension of time of both deadlines, Mr. Cook argues he has been unable to comply with the discovery deadlines because he has "been engaged in five different lawsuits," related to the *Castaneda* case, which have resulted in Mr. Cook's resources "both physical and financial" being stretched thin (Dkt. No. 286 at 2). He further contends that BKC's one-day delay in answering his complaint (the answer was due on October 24 and BKC answered on October 25) and counsel's "pregnancy-related disability" hindered his ability to comply with the discovery deadlines (Dkt. No. 286 at 2–3).

Unfortunately, these reasons do not explain Mr. Cook's delay in filing a request for an extension of the deadline of September 30, which passed over a month ago, nor do they explain Mr. Cook's failure to comply with the deadlines. Mr. Cook's financial hardship is not a basis upon which an extension of time will be granted. Regarding Mr. Cook's physical constraints, the motion indicates that Mr. Cook was hospitalized during the week of October 31, but this does not explain Mr. Cook's failure to designate expert testimony and disclose full expert reports by September 30. Neither does BKC's one-day delay in filing an answer to Mr. Cook's complaint by October 24, explain this delay. Regarding counsel's "pregnancy-related disability," by order dated September 16, 2011, counsel was granted leave to file a motion to withdraw as attorney of record. Counsel has not yet filed a motion to withdraw. The order granting counsel leave to file a motion to withdraw advised that "she remains counsel of record for Mr. Cook and must continue to fulfill her duty as his counsel until, if ever, she is relieved of her duty as counsel" (Dkt. No. 178).

Mr. Cook asserts that granting the motion will not unduly prejudice or harm any party (Dkt. No. 286 at 3). BKC responds that it would be prejudiced because it would "need to hire another expert to respond to Cook's expert" and that BKC would not be able to comply with other case-related deadlines, "especially given that Cook has not even disclosed the topics on which he seeks to have an expert" (Dkt. No. 292 at 4).

Mr. Cook has not shown diligence in attempting to meet the deadlines set forth in the case management order or good cause for granting the requested extensions. The motion for extension of time for discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2