United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D NEWPORT, | No. C-10-04511-WHA (DMR) |
| Plaintiff(s), | **ORDER RE PARTIES' DISCOVERY LETTERS [DOCKET NOS. 345-46]** |
| v. | |
| BURGER KING CORP, | |
| Defendant(s). | |

The court is in receipt of the parties' discovery letters of November 21 and 23, 2011. [Docket Nos. 345-46.] Burger King Corporation ("BKC") seeks documents and photographs prepared by Strategic Restaurants Acquisition Company II, LLC's ("Strategic") expert witness Larry Wood. Mr. Wood prepared these materials while serving as Strategic's consultant regarding a related case entitled *Castaneda v. Burger King Corp., et al.,* 08-4262 WHA. The court conducted a hearing on January 12, 2012. For the reasons stated in the hearing and in this order, BKC's motion is granted in part and denied in part.

## I. Factual Background

Strategic initially retained Mr. Wood as a consultant in anticipation of the *Castaneda* litigation.[1] Strategic hired Mr. Wood "to evaluate the allegations in the *Castaneda* Action as BKC was seeking to have Strategic joined as a party." [Docket No. 346 at 2.] In this consulting role, Mr. Wood "reviewed the alleged disabled access barriers and gave Strategic's lawyers his opinion as to whether they existed." [Docket No. 346 at 2.] He toured various BKC franchises, and created three types of documents as part of his work: (1) he took photographs; (2) he annotated a BKC disability access franchise survey by adding his own notes regarding, among other things, whether he agreed with BKC's assessments in the survey, and whether he believed that a particular facility complied with disability access laws; and (3) he drafted a separate document containing his recommended solutions, which he provided to Strategic's counsel (collectively, "the Documents."). Strategic avers that the documents Mr. Wood created in his role as a consultant are entitled to work product protection under Federal Rule of Civil Procedure 26(b)(3) and, therefore, cannot be produced absent extraordinary circumstances. [Docket No. 346 at 2.]

In the present case, Strategic has designated Mr. Wood as an expert witness on the reasonableness of the fees that BKC's experts incurred in inspecting BKL restaurants, and as a percipient witness on whether Strategic's restaurants were ADA complaint pre-*Castaneda*. BKC asserts that these witness roles render the documents discoverable. [Docket No. 345 at 2.]

## II. Analysis

### A. The Work Product Doctrine

The work product doctrine protects from discovery "materials prepared by an attorney in anticipation of litigation," be they "by or for the attorney." *United States v. Bergonzi*, 216 F.R.D. 487, 494 (N.D. Cal. 2003) (citations omitted); *accord United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). It aims to balance the "promotion of an attorney's preparation in representing a client" and "society's general interest in revealing all true and material facts to the resolution of a

---

[1] The plaintiff classes in *Castaneda* sued BKC for failure to provide adequate access to disabled patrons at Burger King franchises in California. BKC settled *Castaneda* for approximately $7.5 million. Strategic owns a number of the *Castaneda* franchises. The present case focuses on whether various franchisees and guarantors must indemnify BKC for the *Castaneda* settlement.

2

dispute." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1375 (Fed. Cir. 2007) (citation and quotation marks omitted). To qualify for work-product protection, materials must "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Richey*, 632 F.3d at 567 (citation and quotation marks omitted). The communications between a party's attorney and a consultant fall under this rubric. Fed. R. Civ. P. 26(b)(3). Pursuant to Rule 26(b)(4)(C), communications between an attorney and a testifying expert are also protected from discovery by Rule 26(b)(3), unless the communication falls within one of the three exceptions set forth in Rule 26(b)(4)(C)(i), (ii) and (iii).

The work product doctrine may be overcome by a party's showing of "need and undue hardship." *In re Seagate Tech., LLC*, 49 F.3d at 1375 (citing Fed. R. Civ. P. 26(b)(3)). The degree of showing required depends on whether the sought after material "is factual, or the result of mental processes such as plans, strategies, tactics, and impressions, whether memorialized in writing or not." *Id.* (citations omitted). Factual materials simply require a demonstration of "substantial need and undue hardship," while materials reflecting mental processes receive greater, "nearly absolute" protection. *Id.* (citations omitted).

A party may waive work product protection if it "assert[s] the privilege as the result of some affirmative act, such as filing suit," "through this affirmative act . . . puts the privileged information at issue," and the court finds that "allowing the privilege would deny the opposing party access to information vital to its defense." *Sommer v. United States*, No. 09-CV-2093 WQH, 2012 WL 28337, at *3 (S.D. Cal. Jan. 5, 2012) (quoting *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir.1999)) (quotation marks omitted).

**B. Analysis**

BKC argues that the Documents are discoverable because (1) Mr. Wood is designated as a testifying expert on the reasonableness of the experts' fees paid by BKC in *Castaneda*, and/or (2) because Mr. Wood may testify as a percipient witness as to whether he believes Strategic's BKC franchises complied with disability access laws prior to renovations made or suggested by BKC in reaction to the *Castaneda* litigation.

During the hearing, Strategic's counsel confirmed, and BKC's counsel agreed, that Mr. Wood did not rely on any of the Documents in the expert report that he prepared for the present litigation. BKC therefore may not access the Documents pursuant to Rule 26(b)(4)(C), which mandates release of, *inter alia*, the facts and assumptions used by an expert to create his report. In other words, Mr. Wood's role as a testifying expert in this action does not trigger the discoverability of the Documents.

However, at the hearing Strategic also affirmed its intent to call Mr. Wood as a percipient witness to testify about whether Strategic's restaurants complied with the ADA before and during *Castaneda*. Moreover, Strategic conceded that Mr. Wood's anticipated testimony derives solely from the observations and conclusions that he reached through his *Castaneda* consulting role. However, Strategic insists that the Documents should retain their protection from disclosure because Mr. Wood will not refer back to the Documents to prepare his testimony. This draws an artificial distinction between Mr. Wood's testimony and the Documents, which reflect his contemporaneous thoughts on the very subject matter on which he will testify. Strategic has chosen to put Mr. Wood's observations of Strategic's restaurants at issue, and BKC has no alternative means of obtaining the facts or opinions within the Documents which may impeach Mr. Wood's testimony. Strategic consequently has waived work product protection by affirmatively putting the content of the Documents at issue while simultaneously depriving BKC access to information within the Documents that could prove vital to its defense. The court thus deems the first two categories of the Documents -- Mr. Wood's photographs and annotated architectural surveys -- discoverable and orders Strategic to produce them immediately. The third category, Mr. Wood's separately prepared recommendations, shall retain work product protection.

IT IS SO ORDERED.

Dated: January 13, 2012

DONNA M. RYU
United States Magistrate Judge

4